UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-80205-SINGHAL/MATTHEWMAN

MARISABEL JIMINEZ,

    Plaintiff,

v.

E-Z WELD GROUP, INC.,

    Defendants.

_____/

FILED BY ___KJZ___ D.C.

Dec 10, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO TAX COSTS [DE 45]

THIS CAUSE is before the Court upon Defendant's, E-Z Weld Group, LLC ("Defendant") Motion to Tax Costs ("Motion") [DE 45]. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge Raag Singhal. [DE 46]. Plaintiff, Marisabel Jiminez ("Plaintiff") has filed a response [DE 48], and Defendant filed a reply [DE 49]. For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge award Defendant costs in the amount of **$2,285.62** against Plaintiff.

### I.    BACKGROUND

Plaintiff, a former accounts payable clerk for Defendant, brought a four-count Complaint against Defendant, alleging race and national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964; race and national origin discrimination pursuant to 42 U.S.C. § 1981; hostile work environment sexual harassment; and retaliation. On September 8, 2021, the Court granted Defendant's Motion for Summary Judgment on all counts [DE 43] and entered Final

Judgment [DE 44].[1] On October 08, 2021, Defendant filed the instant Motion [DE 45], which is currently before the undersigned. The Motion seeks costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54, and Southern District of Florida Local Rule 7.3. Attached to the Motion are a Bill of Costs [DE 45-1], supporting documentation [DE 45-2-6; DE 49-1-2], and affidavits of Defendant's counsel [DE 45-7; DE 49-1].

## II.  LITIGATION EXPENSES AND COSTS

Defendant requests a total of $2,884.57 in costs and specifically seek the following costs: (1) $331.92 in fees for service of a trial subpoena on a witness; (2) $2,094.85 in fees in connection with the transcript of Plaintiff's deposition; (3) $30.00 in disbursements made to Plaintiff's medical providers for printing copies of Plaintiff's medical records; (4) $97.80 in fees for witnesses; and (5) $330.00 in interpreter compensation. [DE 45]. In its Motion, Defendant describes the nature of the costs sought to be recovered and the reasons why those costs were incurred. [DE 45]. Plaintiff objects to all costs sought by Defendant. [DE 48].[2]

### A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v.*

---

[1] No appeal has been taken by Plaintiff from the Final Judgment.
[2] Regardless of whether Plaintiff objects to costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000)).

*Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendant is the prevailing party—summary Judgment was granted, a Final Judgment was entered in Defendant's favor [DE 43, DE 44], no appeal has been taken by Plaintiff and the time for filing a notice of appeal has expired.

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### B. <u>Analysis</u>

1. *Service of Process of Subpoena*

Defendant seeks $331.92 in private process server fees for service of a trial subpoena on a witness, Beverly Banks. Defendant provided the process server's invoice and proof of service. [DE 45-2; DE 49-2]. The private process server charged $90.00 for 6 hours of the process server's time to travel and serve the witness; $17.92 in tolls; $144.00 for 360 miles at the process server's mileage rate of 40 cents per mile; and $80.00 for expedited service.

Section 28 U.S.C. 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only

refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3).

Here, due to the Court's summary judgment ruling, witnesses were not required to testify at trial. Nonetheless, it was reasonable for Defendant to secure Ms. Banks' appearance in advance of trial via subpoena. *Espinosa v. Burger King Corp.*, 11-62503-CIV, 2012 WL 5364236, at *1 (S.D. Fla. Oct. 30, 2012). However, because the process server's fee exceeds the rate charged by the U.S. Marshal, the Court finds that the process server's fee should be reduced from $90.00 to $65.00 for service of the trial subpoena. The Court also finds that Defendant is entitled to $17.92 in tolls, and $144.00 for 360 miles at the process server's mileage rate of 40 cents per mile, which is below the IRS's approved mileage rate. *See Standard Mileage Rates*, IRS (March 17, 2021), https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited Dec. 10, 2021). However, because Defendant failed to provide any explanation as to why expedited service was necessary, the Court finds that Defendant is not entitled to $80.00 for expedited service.

Accordingly, the undersigned **RECOMMENDS** that the District Judge award $226.92 in costs for the service of the subpoena to Ms. Banks.

2. *Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case*

Defendant seeks $2,094.85 in connection with the transcript of Plaintiff's deposition and states that the transcript was necessarily obtained for use in the case. Defendant attached the invoice from Veritext Legal Solutions, which reflects charges of $1,391.20 for transcript services, $597.50 for professional attendance, and $106.15 for exhibit management. [DE 45-3].

4

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

Here, Defendant cited Plaintiff's deposition transcript extensively in its Motion for Summary Judgment and its accompanying Statement of Undisputed Material Facts. [DE 17-18]. Further, the deposition was necessary for Defendant to explore the factual bases of Plaintiff's claims and, thus, was related to issues that were present in the case at the time the deposition was taken. The Court finds that Defendant has established that the deposition of Plaintiff would have been necessary at the time it was taken, and that the transcript was necessarily obtained for use in this case.

However, not all deposition costs are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for

convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013). The Court finds that the invoices for "exhibit management" is "neither substantiated as necessarily incurred nor recoupable." *Vallejo v. Narcos Productions LLC*, 18-23462-CIV, 2020 WL 6807948, at *4 (S.D. Fla. Aug. 19, 2020), *report and recommendation adopted,* 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020). Therefore, the Court finds that Defendant is not entitled to the requested $106.15 for exhibit management.

Accordingly, the undersigned **RECOMMENDS** that the District Judge award Defendant $1,988.70 in deposition-related costs.

3. *Fees and Disbursements for Printing*

Defendant seeks to recover $30.00 in disbursements made to Plaintiff's medical providers for printing copies of Plaintiff's medical records. Defendant attached an invoice from Sharecare Health Data Services, LLC reflecting this expense to its Motion. [DE 45-4]. Defendant is entitled to fees and disbursements for printing pursuant to 28 U.S.C. § 1920(3).

Here, although that invoice bills Defendant's counsel, Keith L. Hammond, Esq., at "BT Law Group," instead of billing attorney Hammond at "Keith L. Hammond, P.A.," the Court finds that attorney Hammond's affidavit provides a sufficient explanation for this discrepancy. [DE 49-1]. Attorney Hammond avers that the medical providers to whom the subpoenas were directed were more than 100 miles from Keith L. Hammond, P.A., and his former law firm, BT Law Group, thus permitting him to use their office location as the location of the document production. *Id.* ¶¶ 15-19. The invoice from the medical providers for copies of the medical records was paid by my Keith L. Hammond, P.A., and Defendant reimbursed the firm for this cost. *Id.* ¶ 20.

The undersigned **RECOMMENDS** that the District Judge award Defendant $30.00 in disbursements made to Plaintiff's medical providers for printing copies of Plaintiff's medical records.

 4. *Fees for Witnesses*

Defendant seeks to recover $97.80 in witness fees, including mileage, tendered to Ms. Banks who, as stated *supra*, was served with a trial subpoena on July 8, 2021. A copy of the check paid to Ms. Banks in the amount of $97.80, amounting to $40.00 for one day of trial attendance and $57.80 for mileage costs, is attached to the Motion. [DE 45-5].

The Court must determine whether the witness fees claimed are taxable. "Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) ... However, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821...." *Rosenfeld v. Oceania Cruises, Inc.*, 08-22174-CIV, 2010 WL 11505555, at *3 (S.D. Fla. May 25, 2010). Pursuant to 28 U.S.C. § 1821(a)(1), "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b) states that "[a]witness shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). The statute also provides for payment of mileage where the witness uses their private car. 28 U.S.C. § 1821(c)(2).

As detailed *supra*, witnesses were not required to testify at trial due to the Court's ruling on summary judgment. Nonetheless, the Court finds that it was reasonable for Defendant to secure Ms. Bank's appearance in advance of trial and to pay her the attendance fee to ensure that Ms. Banks was ready and available to testify at trial. *Espinosa*, 11-62503-CIV, 2012 WL 5364236, at *1 (awarding defendant witness fees paid to potential trial witnesses even though the case was

ultimately resolved on summary judgment). However, the Court finds that Defendant is not entitled to mileage costs. Costs for mileage must be supported with receipts or evidence of the number of miles traveled and the rate used to calculate mileage fees. *Korsing v. United States*, 16-22190-CIV, 2019 WL 2255577, at *4 (S.D. Fla. Feb. 4, 2019), *report and recommendation adopted*, 16-22190-CIV, 2019 WL 2254951 (S.D. Fla. Feb. 20, 2019). Here, it is undisputed that Ms. Banks never actually traveled to testify in this case. Moreover, there is no evidence that counsel reasonably needed to advance the costs for mileage so that Ms. Banks could afford to travel to testify instead of providing reimbursement of such costs after the fact. *See, e.g.*, *Walker v. Bozeman*, 243 F. Supp. 2d 1298, 1309 (N.D. Fla. 2003). As such, the Court finds that Defendant's request for mileage costs be denied.

Accordingly, the Court **RECOMMENDS** that the amount requested in witness fees be reduced to $40.00, which is the total amount requested by Defendant minus $57.80 for mileage costs.

5. *Compensation of Interpreters*

Defendant seeks to recover $330.00 in interpreter compensation that was incurred in obtaining certified Spanish-to-English translation of certain documents produced by Plaintiff in discovery, including a document that Defendant submitted in support of its Motion for Summary Judgment. *See* DE 24-9. A copy of the invoice from Veritext Legal Solutions reflecting the translation and interpretation costs is attached to Defendant's Motion. [DE 45-6].

Section 1920(6) permits the taxation of compensation of interpreters. However, because "an interpreter is 'someone who translates orally from one language to another' and, therefore, 'the category "compensation of interpreters" in § 1920(6) does not include costs for document translation.'" *Gustave v. SBE ENT Holdings, LLC*, 19-23961-CIV, 2021 WL 4463149, at *8 (S.D.

Fla. Sept. 10, 2021), *report and recommendation adopted*, 19-23961-CIV, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021) (quoting *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)); *see also MKT Reps S.A. De C.V. v. Standard Chartered Bank Intern. (Americas) Ltd.,* 2013 WL 1289261, at *4 (S.D. Fla. Mar. 28, 2013) (concluding that 28 U.S.C. § 1920(6) allows the award of costs for interpretation of live testimony, but not for the translation of written documents).

Here, because Defendant seeks interpreter compensation for the translation of documents and not the translation of testimony, the Court finds that the Defendant is not entitled to the requested interpreter compensation.

Accordingly, the Court **RECOMMENDS** that the requested $330.00 in interpreter compensation be denied and reduced from the total amount sought by Defendant.

6. *Interest*

Defendant further seeks interest pursuant to 28 U.S.C. §1961 on any award of costs. The Eleventh Circuit allows an award of interest as to taxed costs, with the interest calculated pursuant to the provisions of Title 28 U.S.C. § 1961(a). *Georgia Assoc. of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). According to 28 U.S.C. § 1961(a), the post judgment interest calculation starts on the date of entry of the judgment. Here the Honorable United States District Judge Raag Singhal entered Final Judgment in this matter on September 8, 2021. [DE 44]. Accordingly, the Court **RECOMMENDS** that the total amount of the costs award be subject to post judgment interest at the statutory rate.

### III.   CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendant's, E-Z Weld Group, LLC, Motion to Tax Costs [DE 45] and further **RECOMMENDS** that Defendant be awarded total costs in the amount

of $2,285.62, comprising $226.92 in costs for the service of the subpoena to Ms. Banks; $1,988.70 in court reporter attendance and transcript fees; $30.00 in disbursements made to Plaintiff's medical providers for printing copies of Plaintiff's medical records; and $40.00 in witness fees. Plaintiff should be ordered to pay Defendants total costs in the amount of $2,285.62, plus post judgment interest at the statutory rate, and a judgment be entered against Plaintiff accordingly, for which let execution issue.

## IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of December 2021.